# Federal Defenders
## OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

---

Leonard F. Joy
*Executive Director*

Southern District of New York
John J. Byrnes
*Attorney-in-Charge*

October 11, 2007

**BY HAND**

Honorable Denise L. Cote
United States District Judge
Southern District of New York
500 Pearl Street, Room 1040
New York, New York 10007

Re:   **United States v. Stephen Samuels**
      **07 CR 306 (DLC)**

Dear Judge Cote:

I write, on behalf of Mr. Samuels, in advance of sentencing which is currently scheduled for October 26, 2007. Attached to this submission are numerous letters from Mr. Samuels' friends, coworkers, supervisors and family members. See Exhibits A-L. I ask the Court to consider the information presented in these letters as well as the mitigating circumstances set forth below when imposing a sentence "sufficient, but no greater than necessary" in this case.

**Mitigating Circumstances**

Mr. Samuels is a 48 year-old man who prior to 1996 had struggled for many years with drug addiction to crack cocaine. In an effort to support his drug habit, Mr. Samuels committed numerous drug-related offenses over a 15-year period. Mr. Samuels' crimes were mostly petty offenses, for which he received relatively short sentences.[1]

---

[1] Ironically, the only lengthy sentence Mr. Samuels received was in 1983, for a robbery. Mr. Samuels was wrongly convicted of that crime after a trial. Mr. Samuels' conviction was overturned on appeal, but tragically for him, his appeal was not decided until 11 days *after* he completed his sentence and had been released on parole. Mr. Samuels has never been compensated in any way for this lengthy time unjustly spent in prison.

Honorable Denise L. Cote  
United States District Judge  
Southern District of New York

October 11, 2007  
Page 2

Re: **United States v. Stephen Samuels**  
    **07 CR 306 (DLC)**

    In 1996, when Mr. Samuels was 37 years old, he was again involved in drug activity, and was sentenced to serve one and one-half to three years in an upstate prison. This was a turning point for Mr. Samuels. He took a long hard look at his life during that prison sentence, and he did not like what he saw. What he saw was a man who had wasted almost half of his life on drug abuse and criminal activity. He decided at that time that he was too "old" and "tired" to continue the life he had been living.

    Mr. Samuels was finally ready to get the help he needed to deal with his drug addiction. He felt he finally had the strength of will to participate actively in drug treatment so that he could regain control over his life. At that time, Mr. Samuels enrolled in a treatment program called New Direction. Since his release from prison in 1997, Mr. Samuels has been a changed man.

    For the past ten years, Mr. Samuels has not been involved in criminal activity of any kind. He has been steadily employed as a maintenance worker. Prior to his incarceration in this case, Mr. Samuels was working as a maintenance worker and handyman at Kaplan House, a program run by the Jewish Board of Family and Children's Services for adolescent males and young men who are aging out of the foster care system.

    Mr. Samuels' supervisor and many of his coworkers have written to the Court in support of Mr. Samuels. Mr. Hugh Browne, one of the program directors, describes Mr. Samuels as "hard-working," "reliable" and an "asset to the program." Exhibit A. Mr. Samuels' work ethic was formally recognized at his workplace where he received certificates for "Most Helpful," "Newcomer of the Year," and "Staff of the Month." See Exhibits M, N, O. In addition, Mr. Samuels attended a twenty-four hour course on therapeutic crisis intervention, so that he could provide greater assistance to the residents of Kaplan House. See Exhibit P.

    Many of Mr. Samuels' co-workers who have written on his behalf talk about the positive influence Mr. Samuels had on the residents of the program at Kaplan House. Although he was only hired as a maintenance worker, he went well "beyond the call of duty." See Exhibit B. He could always be counted on to listen

Honorable Denise L. Cote  
United States District Judge  
Southern District of New York

October 11, 2007  
Page 3

Re: **United States v. Stephen Samuels**  
    **07 CR 306 (DLC)**

to the residents and to offer sound advice and counseling. Because Mr. Samuels had personally experienced such a difficult time in his own past, he was able to relate well to the young men who were struggling to find their way. As one of the counselors Ms. Doris wrote in her letter to the Court, Mr. Samuels "was quite frank about life and its challenges to our young clients here at Kaplan House. He frequently tried to explain to them the idea of working and taking care of yourself." See Exhibit C.

I have spoken to Neil Freedman, the Director of Kaplan House, who has also written to the Court on Mr. Samuels' behalf. See Exhibit D. Mr. Freedman is fully aware of Mr. Samuels' offense and conviction in this case. Mr. Freedman expressed his concern for Mr. Samuels' well-being and his desire to have Mr. Samuels return to his job at Kaplan House, after the completion of his term of incarceration. Mr. Samuels' supervisor, Mr. Julius Petty writes that, "it has been a great honor and pleasure working with Mr. Samuels. If possible we would like him back in the family at Kaplan House." It is rare to see this kind of outpouring of support for an employee hired to perform maintenance duties. This is a testament to the very positive impact Mr. Samuels had on everyone he came in contact with at Kaplan House.

At the time of his arrest in this case, Mr. Samuels was living with a woman named Ms. Kimberly McNeil. Ms. McNeil has made a number of very serious allegations against Mr. Samuels. Mr. Samuels denies these allegations, which have not been substantiated in any way. I ask that the Court not consider these unproven allegations at all in determining the appropriate sentence in this case. Those allegations remain the subject of a pending state court matter. Mr. Samuels intends to mount a vigorous defense to those charges in state court.

Family members describe Mr. Samuels' relationship with Ms. McNeil as an unhealthy one. Mr. Samuels' friends and relatives believe that Ms. McNeil took advantage of Mr. Samuels' generosity, and was merely using Mr. Samuels for financial gain.

Mr. Samuels' family members describe him as a "loving, caring person with a big heart." They are proud of the way in which he has turned his life around in the past decade. His

Honorable Denise L. Cote  
United States District Judge  
Southern District of New York

October 11, 2007  
Page 4

Re: **United States v. Stephen Samuels**  
    07 CR 306 (DLC)

sister, Jennifer Wynn, notes the many obstacles her brother has overcome. She commends his efforts - in the last ten years he has "completed a drug treatment program, attended VESID, maintained employment and housing. His biggest accomplishment was learning to love and respect himself. Once considered a menace he was now a productive tax paying U.S. citizen."

Trenice Wynn, Mr. Samuels' other sister, writes about how much Mr. Samuels loved his job and how he cherished "having the opportunity to talk to the youth in the program about choosing the right decisions so that they would not make the same mistakes he has made in the past." See Exhibit I.

It is clear from all of the many letters of support that Mr. Samuels is a good, decent man, who has truly changed from the person he was ten years ago. They ask the Court to recognize that Mr. Samuels' offense conduct represents an aberration and a mistake that will not be repeated, and to be lenient when imposing sentence in this case.

## Conclusion

Mr. Samuels is a hard-working, kind, generous man who has overcome a very serious drug addiction to become a productive citizen who, for the past ten years has been a very positive influence on the lives of many people. This unfortunate incident is a setback from the tremendous progress Mr. Samuels' had made from the depths of his addiction and criminality in the mid-1990s. Despite this setback, Mr. Samuels is simply not the same person he was. He now has a large support network, a devoted and loving family, and most importantly a job that he takes pride in, waiting for him upon his release from incarceration in this case.

Mr. Samuels knows he committed a serious offense and he deeply regrets his mistake. He does not want to go back to the life of his youth. He wants to take responsibility for his offense, pay his debt to society, and to continue forward in the productive life that he had been leading for the last decade.

Honorable Denise L. Cote  
United States District Judge  
Southern District of New York

October 11, 2007  
Page 5

**Re: <u>United States v. Stephen Samuels</u>**
   **07 CR 306 (DLC)**

    I ask the Court to consider all of these mitigating circumstances in determining what sentence is "sufficient but no greater than necessary" to achieve all of the purposes of sentencing as set forth in 18 U.S.C. § 3553(a).

                          Respectfully submitted,

                          Jennifer Brown  
                          Attorney for **Stephen Samuels**

cc:   Todd Blanche, Esq.  
      Assistant United States Attorney

      Stephen Samuels  
      MDC  
      Register # 59862-054