```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x
                              :
UNITED STATES OF AMERICA      :
                              :
     v.                       :
                              :  07 Cr. 306 (DLC)
STEPHEN SAMUELS,              :
                              :
          Defendant.          :
                              :
------------------------------x
```

**GOVERNMENT'S SENTENCING MEMORANDUM**

MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York

TODD BLANCHE
Assistant United States Attorney

   - *Of Counsel* -



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

October 18, 2007

**SENTENCING MEMORANDUM - FILED VIA ECF**

The Honorable Denise L. Cote
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    United States v. Stephen Samuels,
                 07 Cr. 306 (DLC)

Dear Judge Cote:

      The Government respectfully submits this letter in advance of the defendant's sentencing in this matter, scheduled for October 26, 2007, at 2:00 p.m. The defendant, who has pled guilty to being a felon in possession of a firearm, has asked the Court to impose a sentence that is "sufficient, but no greater than necessary." (See Def.'s Oct. 11, 2007 Letter at 1, hereinafter, "Def.'s Ltr."). The Government respectfully submits that a sentence within the applicable Guidelines range is an appropriate sentence in this case.

      The defendant pled guilty before Your Honor on July 20, 2007, pursuant to a written agreement between the Government and the defendant (the "Plea Agreement"). As part of the Plea Agreement, the parties stipulated, inter alia, that the Guidelines range is 27 to 33 months' imprisonment (the "Stipulated Guidelines Range"). (See Plea Agreement at 4-5.) The parties further agreed that a "sentence within the Stipulated Guidelines Range would constitute a reasonable sentence in light of all of the factors set forth in Title 18, United States Code, Section 3553(a)." (Id. at 5.) In addition, the parties agreed that "neither a downward nor an upward departure from the Stipulated Guidelines Range set forth above is warranted." (Id.) Finally, the parties agreed that "neither party will seek a sentence outside of the Stipulated Guidelines Range, suggest that the Probation Department consider a sentence outside of the Stipulated Guidelines Range, or suggest that the Court *sua sponte* consider a sentence outside of the Stipulated Guidelines Range." (Id. at 5.)

      The Pre-sentence Investigation Report (the "PSR") Guidelines calculation was the same as the Guidelines calculation in the parties' Plea Agreement. (PSR ¶ 100.) The PSR lists a total offense level of 17, and a Criminal History Category of II, and a Guidelines range of

Hon. Denise L. Cote
October 18, 2007
Page 3

27 to 33 months' imprisonment. For the reasons that follow, a sentence within this Guidelines Range is an appropriate and reasonable sentence in this case.

# ARGUMENT

**I.     This Court Should Grant Deference To The Guidelines Recommendation In This Case, Pursuant To *Booker*, *Crosby*, And 18 U.S.C. § 3553(a)(4)**

The United States Sentencing Guidelines still provide strong guidance to the Court after *United States* v. *Booker*, 543 U.S. 220 (2005) and *United States* v. *Crosby*, 397 F.3d 103 (2d Cir. 2005). Although *Booker* held that the Guidelines are no longer mandatory, it held also that the Guidelines remain in place and that district courts must "consult" the Guidelines and "take them into account" when sentencing. *Id.* at 264. The Second Circuit has "emphasized that *Booker* did not signal a return to wholly discretionary sentencing." *United States* v. *Rattoballi*, 452 F.3d 127, 132 (2d Cir. 2006); *see also United States* v. *Crosby*, 397 F.3d 103, 113 (2d Cir. 2005) ("[I]t would be a mistake to think that, after *Booker/Fanfan*, district judges may return to the sentencing regime that existed before 1987 and exercise unfettered discretion to select any sentence within the applicable statutory maximum and minimum.").

The Second Circuit has commented on the considerable weight that the Guidelines warrant, relative to the other factors under section 3553(a). "[T]he guidelines cannot be called just another factor in the statutory list, 18 U.S.C. § 3553(a), because they are the only integration of the multiple factors and, with important exceptions, their calculations were based upon the actual sentences of many judges." *Rattoballi*, 452 F.3d at 133 (quoting *United States* v. *Jimenez-Beltre*, 440 F.3d 514, 518 (1st Cir. 2006) (*en banc*) (citations and internal quotations omitted)). The Court noted that "the Sentencing Commission is an expert agency whose statutory charge mirrors the section 3553(a) factors that the district courts are required to consider." *Id.* It positively cited commentary by other circuits regarding the importance of the Guidelines. *See id.*[1]

In addition, there is no reason in this case to deviate from the advisory sentencing guidelines range, either categorically or based on the individual considerations raised in the defendant's submission. From a categorical perspective, the advisory guidelines range that

---

[1] The cases from other circuits that were cited by the Second Circuit include: *United States* v. *Johnson*, 445 F.3d 339, 342 (4th Cir. 2006) ("By now, the Guidelines represent approximately two decades of close attention to federal sentencing policy."); *United States* v. *Claiborne*, 439 F.3d 479, 481 (8th Cir. 2006) ("The Guidelines were fashioned taking the other § 3553(a) factors into account and are the product of years of careful study."); *United States* v. *Cooper*, 437 F.3d 324, 331 n. 10 (3d Cir. 2006) ("The federal sentencing guidelines represent the collective determination of three governmental bodies-Congress, the Judiciary, and the Sentencing Commission-as to the appropriate punishments for a wide range of criminal conduct.") (citations omitted); *United States* v. *Mykytiuk*, 415 F.3d 606, 607 (7th Cir. 2005) ("The Sentencing Guidelines represent at this point eighteen years' worth of careful consideration of the proper sentence for federal offenses.").

Hon. Denise L. Cote
October 18, 2007
Page 4

applies in this case reflects the considered judgment of the Sentencing Commission, after examining "tens of thousands of sentences and work[ing] with the help of many others in the law enforcement community over a long period of time" in an effort to fulfill the same objectives set out in Section 3553(a). *Rita* v. *United States*, 127 S.Ct. 2456, 2464 (2007). The guidelines "seek to embody the § 3553(a) considerations, both in principle and in practice," and accordingly, the guidelines "reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives." *Id.*

One of the important reasons why the Guidelines should be given substantial weight and provide the presumptively reasonable sentencing range is that they represent the reasoned judgment of the United States Sentencing Commission. *See Rattoballi*, 452 F.3d at 133. The Sentencing Commission is a body of experts whose statutory mission is to apply "research, experience, and analysis" to promulgate guidelines that will "further the basic purposes of criminal punishment: deterrence, incapacitation, just punishment, and rehabilitation." U.S.S.G. Ch. 1, Pt. A, § 2. Because these basic purposes of criminal punishment – which essentially mirror the factors that this Court must consider pursuant to Section 3553(a)(2) – are inherently abstract, it is difficult to overstate the value of the perspective of a national commission whose charter is to collect and analyze data on sentences imposed throughout the nation. Thus, rather than being seen as a single factor to be considered among the various factors identified in Section 3553(a), the applicable Sentencing Guidelines range is more accurately seen as providing an informed, national perspective on all of the factors identified in Section 3553(a). In fact, absent that national perspective, it is hard to imagine how the sentencing factor identified in Section 3553(a)(6) – namely, "the need to avoid unwarranted disparities among defendants with similar records who have been found guilty of similar conduct" – could be meaningfully considered at all.

As the Court is well aware, Section 3553(a) directs the Court to impose a sentence "sufficient, but not greater than necessary to comply with the purposes set forth in paragraph (2)." That sub-paragraph sets forth the following purposes:

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

Section 3553(a) further directs the Court – in determining the particular sentence to impose – to consider: (1) the nature and circumstances of the offense and the history and characteristics of the defendant;(2) the kinds of sentences available; (3) the kinds of sentence and the sentencing

Hon. Denise L. Cote
October 18, 2007
Page 5

range established for the defendant's conduct and circumstances, as viewed through the lens of the Guidelines; (4) pertinent policy statements issued by the Sentencing Commission; (5) the need to avoid unwarranted sentencing disparities; and (6) the need to provide restitution to any victims of the offense.  *See* 18 U.S.C. §§ 3553(a)(1)&(3)-(7).

II. **A Sentence Within The Guidelines Range Is Appropriate Considering The Circumstances And Nature Of This Case**

The factors considered in the PSR, including the defendant's background and familial circumstances, do not present a case that a non-guidelines sentence would be appropriate, for primarily two reasons.

First, the defendant's background does not warrant a non-guidelines sentence. When addressing the defendant's past criminal conduct, the Def.'s Ltr. suggests that the defendant "has not been involved in criminal activity of any kind" for the past ten years.  (Def.'s Ltr. at 2.)  This statement is inaccurate.  First, the defendant, a convicted felon, is not allowed to possess a firearm.  Although the Government does not know how long the defendant possessed the firearm at issue in this case, he most certainly possessed it for longer than the day that law enforcement found it in his apartment.  (See PSR ¶¶ 6 - 10.)  Further, when law enforcement was looking for the firearm, they recovered marijuana and $3,772 in United States Currency and money orders from the defendant's bedside table.  (PSR ¶ 13.)  Thus, it is inaccurate to suggest that the defendant has not been involved in criminal activity "of any kind" for the past ten years.  Indeed, he possessed marijuana and a firearm, which constitute two separate crimes.  Further, the defendant's past conduct counsels for a Guidelines sentence.  The defendant's Guidelines range does not take into account fifteen of the defendant's prior convictions.  Indeed, the only conviction that is taken into account as part of the defendant's criminal history is the January 6, 1997 conviction for attempted criminal sale of a controlled substance.  The defendant's criminal background is not the type of history and background that should warrant leniency by the Court.

Second, the nature of the present offense supports a Guidelines sentence.  The Def.'s Ltr. disputes some of the circumstances that led to the defendant's arrest in this case, namely, those described in the PSR ¶¶ 7, 8, 9.  The defendant does not, however, indicate which portion of the PSR describing the violent events on March 18, 2007, are inaccurate.  The Government submits that the victim's version of events, repeated to law enforcement the day after she was assaulted, and repeated to the Government in connection with the complaint in the instant case, is an accurate version of what happened the evening before the defendant was arrested.  Further, even if the defendant disputes the victim's account of the events leading to his arrest, there can be no dispute that the victim in this case described to law enforcement a firearm that was used by the defendant against her the evening before his arrest, on March 18, 2007.  She described the location, inside of a hall closet, where the defendant retrieved the firearm the evening before.  (PSR ¶ 13.)  Although the firearm was not recovered from that location, a box containing 44 rounds of ammunition for the firearm was recovered from that closet, corroborating the victim's statement that the defendant recovered the firearm the night before

Hon. Denise L. Cote
October 18, 2007
Page 6

from the hall closet.  (Id.)  Accordingly, the nature of the present offense supports a sentence within the Guidelines range of 27 to 33 months' imprisonment.

## CONCLUSION

For these reasons, the Government respectfully requests that the Court impose a sentence of imprisonment within the applicable Guidelines range of 27 to 33 months' imprisonment.

                Respectfully submitted,

                MICHAEL J. GARCIA
                United States Attorney

By: _____
      Todd Blanche
      Assistant United States Attorney
      Southern District of New York
      (212) 637-2494

cc:    Jennifer Brown, Esq.
       (by facsimile)